**UNITED STATES COURT OF APPEALS**
**Filed 9/23/96**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　Plaintiff - Appellee,

v.

JIMMIE LEE GREER,

　　　Defendant - Appellant.

No. 96-6066

W.D. Oklahoma

(D.C. No. CR-95-139-R)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jimmie Lee Greer pled guilty to providing or possessing contraband in prison in violation of 18 U.S.C. § 1791(a)(2). Under the Sentencing Guidelines, Greer's offense fell under Offense Level 11 which, with Greer's Criminal History Category VI, established a guideline range of 27 to 33 months. The district court departed upward to Offense Level 13, Category VI, guideline range 33 to 41 months, and imposed a sentence at the top of that range -- 41 months.

Greer challenges the upward departure, contending: 1) that the district court did not identify factors which showed his criminal record was egregious and serious beyond the applicable guideline parameters without enhancement; and 2) that the court failed to provide an adequate factual basis for its decisions to depart upward from the Guidelines and the degree to which it departed. We affirm.

At the time of the offense, Greer was incarcerated at the Federal Correctional Institution in El Reno, Oklahoma, pending transfer to the New Mexico Department of Corrections. He engaged in disruptive behavior during a meal. When officers sought to remove him from the dining area, he attempted to discard an eight-inch sharpened metal instrument in a trash can. When officers moved to search the trash can, Greer grabbed the sharpened instrument and threatened two officers. The officers subdued him and neither officer was injured.

Greer was indicted on three counts. Count one alleged that he knowingly possessed a prohibited object designed for use as a weapon. Counts two and three alleged

that he forcibly assaulted, opposed, impeded, intimidated and interfered with two corrections officers.  Greer pled guilty to count one, and counts two and three were dismissed.

We review a departure from the Sentencing Guidelines for abuse of discretion. Koon v. United States, ___ U.S. ___, ___, 116 S. Ct. 2035, 2047-48 (1996).  A district court is required to impose a sentence within the Guidelines unless it determines "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."  18 U.S.C. § 3553(b).  In order for the district court to depart from the Guidelines, "certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the Guideline."  Koon, 116 S. Ct. at 2046.[1]  The district court's decision to depart from the Sentencing Guidelines "will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court."  Id.

The Sentencing Guidelines state:

_____

[1]The Supreme Court adopted the following inquiry that a sentencing court must make before departing from the Guidelines:  "'1)  What features of this case, potentially, take it outside the Guidelines' 'heartland' and make of it a special, or unusual, case?  2) Has the Commission forbidden departures based on those features?  3)  If not, has the Commission encouraged departures based on those features?  4)  If not, has the Commission discouraged departures based on those features?'"  Koon at 2045 (quoting United States v. Rivera, 994 F.2d 942, 949 (1st Cir. 1993)).

-3-

The Commission contemplates that there may, on occasion, be a case of an egregious, serious criminal record in which even the guideline range for Criminal History Category VI is not adequate to reflect the seriousness of the defendant's criminal history. In such a case, a departure above the guideline range for a defendant with Criminal History Category VI may be warranted. In determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record. . . . Where the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case.

U.S.S.G. § 4A1.3 (emphasis added). "'[I]nstead of hypothesizing a criminal history range more than VI, the guidelines require a sentencing court to look to the other axis and consider the available ranges from higher offense levels.'" United States v. Okane, 52 F.3d 828, 833-34 n.5 (10th Cir. 1995) (quoting United States v. Carr, 5 F.3d 986, 994 (6th Cir. 1993)).

The district court adopted such a procedure in this case. It departed from the Guidelines because it determined that Criminal History Category VI did not accurately reflect Greer's past criminal involvement. In doing so, the court considered seven major offenses in the presentence report for which Greer was found guilty by prison disciplinary committees, but not subjected to criminal charges. These offenses included assault and battery against prison officers and inmates, and possession of weapons. It was well within the discretion of the district court to find that Greer's prior offenses in prison were

-4-

not adequately reflected in his criminal record and were sufficiently serious to warrant an incremental upward departure from Offense Level 11 to Offense Level 13. We conclude that the departure was not an abuse of the court's discretion. For the foregoing reasons, the ruling of the district court is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge